ACCEPTED
12-14-00127-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
1/11/2015 1:04:59 PM
CATHY LUSK
CLERK

# No. 12-14-00127-CR

In the Court of Appeals
For the Twelfth District of Texas
At Tyler

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS
1/11/2015 1:04:59 PM
CATHY S. LUSK
Clerk

THOMAS DARRELL HOWELL
v.
THE STATE OF TEXAS

**FILED**

1/11/2015

**Twelfth Court of Appeals
Cathy Lusk
Clerk**

Brief of Appellant

John H. Tatum II
Bar No. 00789674
Tatum Law Office
P.O. Box 582
Lufkin, TX 75902
Phone: 936-634-5594
Fax:  936-639-4480
Attorneys for Appellant

1

## Identity of Parties and Counsel

In compliance with Rule 38.1(a), Appellees certify that the following is a complete list of parties to the trial court's judgment and names and addresses of all trial and appellate counsel:

Plaintiff/Appellant:

Thomas Darrell Howell
TDCJ Number: 01925045
Reverend C.A. Holliday Transfer Facility
295 IH-45 North
Huntsville, Texas 77320

Plaintiff/Appellant's
Appellate Counsel:

John H. Tatum II
Texas Bar No. 00789674
Tatum Law Office
P.O. Box 582
Lufkin, TX 75902

Plaintiff/Appellant's
Trial Counsel:

Winfred Aaron Simmons II
Texas Bar No. 00794636
417 S Chestnut St Ste 101,
Lufkin, TX 75901

Defendants/Appellees:

The State of Texas

Defendants/Appellees'
Trial and Appellate Counsel:

Andrew Jones
Temporary Texas Bar No. 24073562
Nicole D. Lostracco
Texas Bar No. 00792906
101 West Main Street, Suite 250
Nacogdoches, Texas 75961

Trial Judge:

The Honorable Edwin A. Klein
420th Judicial District Court
101 W. Main Street, Ste 210
Nacogdoches, TX 75961

# Table of Contents

Identity of Parties and Counsel..............................................................................2

Table of Contents ................................................................................. 3

Index of Authorities ...........................................................................4-5

Statement of the Case ............................................................... 6

Statement of Jurisdiction .............................................................6

Issues Presented ................................................................6-11

Statement of the Facts ............................................................11-13

Summary of the Argument ...........................................................13-21

Argument and Authorities .......................................................21-23

Conclusion and Prayer ...............................................................23

Certificate of Compliance ..........................................................24

Certificate of Service .................................................................24

# Index of Authorities

Page:

## U.S. Supreme Court Cases

*Jackson v. Virginia*, 443 U.S. 307, (1979) ................................9, 11, 14, 20

*Tibbs v. Florida*, 457 U.S. 31, 41, 102 S. Ct. 2211, 2218 (1982) ............20

## Texas Cases

*Aguilar v. State*, 468 S.W.2d 75, (Tex. Crim. App. 1971) ..........................19

*Brooks v. State*, 323 S.W.3d 893, (Tex. Crim. App. 2010) (plurality) .9-10, 14, 20-21, 23

*Clayton v. State*, 235 S.W.3d 772, (Tex. Crim. App.) 2007) ..................11, 20

*Dewberry v. State*, 4 S.W.3d 735, (Tex. Crim. App. 1999) ...................20

*Gonzalez v. State*, 337 S.W.3d 473, (Tex. App.-Houston [1 Dist.] 2011) .....10-11, 14, 20

*Hooper v. State*, 214 S.W.3d 9, (Tex. Crim. App. 2007) ....................11, 20

*Malik v. State*, 953 S.W.2d 234, (Tex. Crim. App. 1997) .......................11, 19

*Rollerson v. State*, 227 S.W.3d 718, (Tex. Crim. App. 2007) ..................19

*Williams v. State*, 235 S.W.3d 742, (Tex. Crim. App. 2006) ..................9, 20, 22

## RULES AND OTHER AUTHORITIES

Tex. Penal Code Ann. §§ 22.01 ..............................................................9
Tex. Fam. Code Section 71.0021 (b) .............................................7-8, 12-17, 20
Tex. Penal Code Ann. §§ 30.01 ....................................................5-6, 16-18
Tex. Penal Code Ann. §§ 25.07 .........................................................7-8
Tex. Penal Code Ann. §§ 36.06 ...................................................6-7, 16-18

## Statement of the Case

Appellant was indicted by Grand Jury.

On April 14, 2014 Appellant waived Arraignment and entered a plea of Not Guilty (Court Reporter's Record)

On April 14, 2014 Jury Selection and on April 21, 2014 Trial commenced (Court Reporter's Record)

The jury found Defendant guilty of Counts 3, 4, 5, 6, and not guilty on County 1 and a mistrial was declared on Count 2.

John Tatum II was appointed to represent Appellant on May 14, 2014. On May 4, 2014 a request for clerk and reporter's record was made on July 17, 2014

## Statement of Jurisdiction

The Trial Court certification was signed by the Trial Court on April 24, 2014 and states that the case was not a plea bargain, and the Defendant has a right of appeal (Court Reporter's Record)

## Issues Presented

The evidence is legally insufficient to prove the offense of Burglary of Habitation to Commit Sexual Assault; Retaliation; and Burglary of Habitation and Violation of Protective Order.

**The issues presented are whether the state presented sufficient evidence to prove that Appellant committed any of the offenses charged.**

Sec. 30.01. Burglary

(a)     A person commits an offense if, without the effective consent of the owner, the person:

(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or

(2) remains concealed, with intent to commit a felony, theft, or an assault, in a building of habitation; or

(3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault,

(b)     For purpose of this section, "enter" means to intrude:

(1) any part of the body; or

(2) Any physical object connected with the body.

(c)     Except as provided in Subsection (d), an offense under this section is a :

(1) state jail felony if committed in a habitation; or

(2) felony of the second degree if committed in a habitation

(d)     An offense under this section is a felony of the first degree if:

(1)  the premises are a habitation; and

(2)  any party to the offense entered the habitation with the intent to commit a felony other than felony theft of committed or attempted to commit a felony other than felony theft.


Sec. § 36.06. Obstruction or Retaliation.

(a) A person commits an offense in the intentionally or knowing harms or threatens to harm another by an unlawful act:

(1) in retaliation for or on account of the service or status of another as a:

(A)     public servant, witness, prospective witness, or informant; or

(B)     person who has reported or who the actor knows intends to report the occurrence of a crime; or

(2) to prevent or delay the service or another as a:

(A) public servant, witness, prospective witness, or informant; or

(B) person who has reported or who the actor knows intends to report the occurrence of a crime.

(b) In this section:

(1) "Honorary retired peace officer" means a peace officer who:

(A) did not retire in lieu of any disciplinary action;

(B) was eligible to retire from a law enforcement agency or was ineligible to retire only as a result of an injury received in the course of the officer's employment with the agency; and

(C) is entitled to receive a pension or annuity for service as a law enforcement officer or is not entitled to receive a pension or

annuity only because the law enforcement agency that employed the officer does not offer a pension or annuity to its employees.

(2) "Informant" means a person who has communicated information to the government in connection with any governmental function.

(3) "Public Servant" includes an honorably retired peace officer.

(c) An offense under this section is a felony of the third degree unless the victim of the offense was harmed or threatened because of the victim's service or status as a juror, in which event the offense is a felony or the second degree.

Sec. § 25.07. Violation of Protective Order or Magistrates' Order.

(a) A person commits an offense if, in violation of a condition of bond set in a family violence case and related to the safety of the community, an order issued under Article 17.292, Code of Criminal Procedure, and order issued under Section 6.504, Family Code, Chapter 83, Family Code, of the temporary ex parte order has been served on the person, or Chapter 85, Family Code, or an order issues by another jurisdiction as provided by Chapter 88, Family Code, the person knowingly or intentionally:

(1) commits family violence or an act in furtherance of an offense under Section 22.011, 22.021, or 42.072;

(2) communicates:

(A) directly with a protected individual or a member of the family or household in a threatening or harassing manner;

(B) a threat through any person to a protected individual or a member of the family or household; or

(C) in any manner with the protected individual or a member of the family or household except through the person's attorney or a person appointed by the court, if in the violation is of an order described by this subsection and order prohibits any communication with a protected individual or a member of the family o household;

(3) goes to or near any of the following places as specifically described in the order or condition of bond:

(A) the residence or place of employment or business of a protected individual or a member of the family or household; or

(B) any child care facility, residence, or school where a child protected by the order or condition of bond normally resides of attends; or

(4) possesses a firearm,

(b) For the purposes of this section:

(1) "Family violence," "family," Household," and member of a household" have the meanings assigned by Chapter 46

(c) if conduct constituting an offense under this section also constitutes an offense under another section of this code, the actor may be prosecuted under either section or under both sections.

(d) Reconciliatory actions or agreements made by persons affected by an order or not affect the validity of the order or the duty of a peace officer to enforce this section.

(e) A peace officer investigating conduct that may constitute an offense under this section for a violation of an order may not arrest a person protected by that order for a violation of that order.

(f) It is not a defense to prosecution under this section that certain information has been excluded, as provided by Section 85.007, Family Code, or Article 17.292, Code of Criminal Procedure form an order to which this section applies.

(g) An offense under this section is a Class A misdemeanor unless it is shown on the trial of the offense that the defendant has previously been convicted under this section two or more times or has violated the protective order by committing an assault or the offense of stalking, in which event the offense is a third degree felony.

The offense of Burglary can be committed in several ways, to commit theft or to commit assault. Appellant argue that the state did not prove that he entered the house with the intent to commit anything. Appellant is aware that in a legally sufficient review this Honorable Court will examine the evidence in the light most favorable to the verdict to determine whether any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Brooks v. State, 323 S.W.3d 893, 898-99 (Tex. Crim. App. 2010) (plurality op.) Ervin v. State, 331 S.W.3d 49, 5355 (Tex. App.-Houston [1st Dist.] 2010, pet. ref'd)

Specifically, Burglary of Habitation to Commit Sexual Assault; Retaliation; and Burglary of Habitation and Violation of Protective Order as "circumstances-surrounding-the-conduct offense." Tex. Penal Code Ann. § 22.05 (a). Burglary of Habitation to Commit Sexual Assault; Retaliation; and Burglary of Habitation and Violation of Protective Order is not concerned with the results of the offenses because the crime may be committed regardless of whether anyone is hurt. The fact-finder is the exclusive judge of the facts, the credibility of witnesses, and of the weight to be given testimony. Brooks, 323 S.W.3d at 899. Appellant understands this court must resolve any evidentiary inconsistencies in favor of the judgment. Brooks, supra. Appellant argues that the evidence in the instant matter is insufficient because "the record contains a mere modicum of evidence probative of an element of the offense." Gonzalez v. State, 337 S.W.3d 473, 479 (Tex. App.-Houston [1 Dist.] 2011) Appellant recognizes this Honorable Court will give deference to the responsibility of the fact finder to fairly resolve conflicts in testimony, weigh evidence, and draw reasonable inferences from the facts. Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). However, Appellant asks this Court to: "to ensure that the evidence presented actually supports a conclusion of which he is accused. Williams, supra.

The sufficiency of the evidence is measured by the elements of the offense as defined in a hypothetically correct jury charge, which is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability,

9

and adequately describes the particular offense for which the defendant was tried. Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). If an appellate court finds the evidence insufficient under this standard, it must reverse the judgment and enter an order of acquittal. Gonzalez, 337 S.W.3d at 479. supra. Appellant if aware this Honorable Court will determine whether the necessary inferences of the trial court were reasonable based upon the combined and cumulative force of all the evidence viewed in the light most favorable to the verdict. Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (quoting Hooper v. State, 214 S.W.3d 9, 16; 17 (Tex. Crim. App. 2007). Further, appellant recognizes "when the record supports conflicting inferences, that an appellate court presumes that the fact finder resolved the conflicts in favor of the verdict and defers to that resolution. Jackson, 443 U.SS. at 326, 99 S. Ct. 2793).

A court treats direct and circumstantial evidence equally: circumstantial evidence can be as probative as direct evidence, and circumstantial evidence alone can be sufficient to establish guilt. Clayton, 235 S.W.3d at 778 (quoting Hooper, 214 S.W.3d at 13).

## Statement of Facts

Corey Owens testified she was choked on January 14th (Reporter's Record Page 23) Ten days later he came to house Reporter's Record Page 32 Line 10). He kept hitting me. It went on for hours. (Reporter's Record Page 37 Line 10-12). He told me to lie down and go to sleep and when I woke up he was going to kill me.

10

Food was missing, sandwich meat and pictures were gone (Reporter's Record Page 46 Line 18-23).

He put his arm against her throat and she passed out (Reporter's Record Page 23).

Was there any redness, a little. (Reporter's Record Page 31 Line 1).

She also testified he told me to go to sleep when I woke up he was going to kill me (Reporter's Record Page 37 Line 15-18). Took kids to bus ad he fixed me something to eat (Reporter's Record Page 38 Line 4-5). Police checked out, no suspects (Reporter's record Page 41). On cross examination did not tell law enforcement passed out (Reporter's record Page 54 Line 10).

Had sex just went to sleep (Reporter's Record Page 79 Line 21).

Took kids to bus, drove vehicle, did not ask for help (Reporter's Record Page 83 line 7-22). Between 7:30 and 3:00 p.m. nothing happened (Reporter's Record Page 93 line 14-16)

Appellant's Version

Appellant testifies he was residing there full time (Reporter's Record Page 136 Line 11-12). Planning to leave to go to Arkansas was reason he lived there. She picked me up at park (Reporter's Record Page 162 Line 10), went to liquor store, went to library (Reporter's Record Page 165 Line 7).

Det Davidson- she did not require medical attention.

Kayla Alexander testified Corey told her landlord had called police on Thomas (Reporter's Record Page 96). Also testified Corey looked fine (Reporter's Record

11

Page 97 line 9). Also house was fine, clothes, everything was like normal (Reporter's Record Page 97 Line 10).

Corey testified she went to house to get clothed. He was in there (Reporter's Record Page 44 Line 12). I took off running he ran off. She also testified she had access to cell phone but did not call. Children in no danger could have driven off (Reporter's Record Page 90).

## Summary of the Argument

CHAPTER 22. ASSAULTIVE OFFENSES

Sec. 22.01. ASSAULT. (a) A person commits an offense if the person:

(1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;

(2) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

(b) An offense under Subsection (a) (1) is a Class A misdemeanor, except that the offense is a felony of the third degree if the offense is committed against:

(2) a person whose relationship to or association with the defendant is described by Section 71.0021 )b), 71.003, or 71.005, Family Code, if:

(A) it is shown on the trial of the offense that the defendant has been previously convicted of an offense under this chapter, Chapter 19, or Section 20.03, 20.04, 21.11, or 25.11 against a person whose relationship to or

12

association with the defendant is described by Section 71.0021 (b), 71.003, or 71.005, Family Code

Appellant is aware that in a legal sufficiency review, this Honorable Court will examine the evidence in the light most favorable to the verdict to determine whether any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Brooks v. State, 323 S.W.3d 893, 898-99 (Tex. Crim. App. 2010) Plurality op.). The fact-finder is the exclusive judge of the facts, the credibility of witnesses, and of the weight to be given testimony. Brooks, 323 S.W.3d at 899. Appellant understands this court must resolve any evidentiary inconsistencies in favor of the judgment. Brooks, supra. Appellant argues that the evidence in the instant matter is insufficient because "the record contains a mere modicum of evidence probative of an element of the offense." Gonzalez v. State, 337 S.W.3d 473, 479 (Tex. App. –Houston [1 Dist.] 2011)

Sec. 30.01. Burglary

(b)     A person commits an offense if, without the effective consent of the owner, the person:

(1)     enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or

(2)     remains concealed, with intent to commit a felony, theft, or an assault, in a building of habitation; or

13

(3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault,

(c) For purpose of this section, "enter" means to intrude:

(1) any part of the body; or

(2) any physical object connected with the body.

(d) Except as provided in Subsection (d), an offense under this section is a:

(1) state jail felony if committed in a habitation; or

(2) felony of the second degree if committed in a habitation

(e) An offense under this section is a felony of the first degree if:

(1) the premises are a habitation; and

(2) any party to the offense entered the habitation with intent to commit a felony other than felony theft or committed or attempted to commit a felony other than felony theft.

Acts 1973, 63rd Leg., p. 883, ch. 399, § 1, eff. Jan. 1, 1974.

Amended by Acts 1993, 73rd Leg., ch. 900, § 1.01, eff. Sept. 1, 1994; Acts 1995, 74th Leg., ch. 318, § 8, eff. Sept. 1, 1995; Acts 1999, 76th Leg., ch. 727, § 1, eff. Sept. 1, 1999.

Sec. § 25.07. Violation of Protective Order or Magistrate's Order.

(a) A person commits an offense if, in violation of a condition of bond set in a family violence case and related to the safety of the community, an order issued under Article 17.292, Code of

Criminal Procedure, an order issued under Section 6.504, Family Code, Chapter 83, Family Code, if the temporary ex parte order has been served on the person, or Chapter 85, Family Code, or an order issues by another jurisdiction as provided by Chapter 88, Family Code, the person knowingly or intentionally:

(1)  commits family violence or an act in furtherance of an offense under Section 22.011, 22.021, or 42.072;

(2)  communicates:

(A)  directly with a protected individual or a member of the family or household in a threatening or harassing manner;

(B)  a threat through any person to a protected individual or a member of the family or household; or

(C)  in any manner with the protected individual or a member of the family or household except through the person's attorney or a person appointed by the court, if the violation is of an order described by this subsection and order prohibits any communication with a protected individual or a member of the family or household;

(3)  goes to or near any of the following places as specially described in the order or condition of bond:

(A)  the residence or place of employment or business of a protected individual or a member of the family or household; or

15

(B)     any child care facility, residence, or school where a child protected

by the order or condition of bond normally resides or attends; or

(4)     possesses a firearm.

(b)     For the purposes of this section:

(1)     "Family violence," "family," "household," and "member of a

household" have the meanings assigned by Chapter 71, Family

Code.

(2)     "Firearm" has the meaning assigned by Chapter 46.

(c)     if conduct constituting an offense under this section also

constitutes an offense under another section of this code, the

actor may be prosecuted under either section or under both

sections.

(d)     Reconciliatory actions or agreements made by persons affected

by an order do not affect the validity of the order or the duty of a

peace officer to enforce this section.

(e)     A peace officer investigating conduct that may constitute an

offense under this section for a violation of an order may not

arrest a person protected by that order for a violation of that

order.

(f)     It is not a defense to prosecution under this section that certain

information has been excluded, as provide by Section 85.007,

Family Code, or Article 17.292, Code of Criminal Procedure from an order to which his section applies.

(g)    An offense under this section is a Class a misdemeanor unless it is shown on the trial of he offense that the defendant has previously been convicted under this section two or more times or has violated the protective order by committing an assault or the offense of stalking, in which event the offense is a third degree felony.

Sec. § 36.06. Obstruction or Retaliation.

(a)    A person commits an offense if he intentionally or knowing harms or threatens to harm another by an unlawful act:

(1)    in retaliation for or on account of the service or status of another as a:

(A)    public servant, witness, prospective witness, or informant; or

(B)    person who has reported or who the actor knows intends to report the occurrence of a crime; or

(2)    to prevent or delay the service of another as a:

(A)    public servant, witness, prospective witness, or informant; or

(B)    person who has reported or who the actor knows intends to report the occurrence of a crime.

(b)    In this section:

(1)    "Honorary retired peace officer" means a peace officer who:

(B)  did not retire in lieu of any disciplinary action;

(C)  was eligible to retire from a law enforcement agency or was ineligible to retire only as a result of an injury received in the curse of the officer's employment with the agency; and

(D)  is entitled to receive a pension or annuity for service as a law enforcement officer or is not entitled to receive a pension or annuity only because the law enforcement agency that employed the officer does not offer a pension or annuity to its employees.

(2)  "Informant" means a person who has communicated information to the government in connection with any governmental function.

(3)  "Public Servant" includes an honorably retired peace officer.

(c)  An offense under this section is a felony of the third degree unless the victim of the offense was harmed or threatened because of the victim's service or status as a juror, in which event the offense is a felony of the second degree.

The sufficiency of the evidence is measured by the elements of the offense as defined in a hypothetically correct jury charge, which is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. Malik v. State, 953 S.W.2d 234, 24 (Tex. Crim. App. 1997). If an appellate court finds the evidence insufficient under this standard,

it must reverse the judgment and enter an order of acquittal. Gonzalez, 337 S.W.3d at 479 (citing Tibbs v. Florida, 457 U.S. 31, 41, 102 S. Ct. 2211, 2218 (1982).

Appellate is aware this Honorable Court will determine whether the necessary inferences of the trial court were reasonable based upon the combined and cumulative force of all the Evidence viewed in the light most favorable to the verdict. Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (quoting Hooper v. State, 214 S.W.3d 9, 16; 17 (Tex. Crim. App. 2007). Further, appellant recognizes "when the record supports conflicting inferences, that an appellate court presumes that the fact finder resolved the conflict in favor of the verdict and deferred to that resolution Jackson, 443 U.S. at 326, 99 S.J. 2793

Appellant argues the evidence was legally insufficient to support a finding of guilt for the offense of Burglary of Habitation to Commit Sexual Assault; Retaliation; Burglary of Habitation to Commit Violation of Protective Order because when viewing the evidence in a light most favorable to the verdict, no rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson, 443 U.S. at 319, supra, Rollerson v. State, 227 S.W.3d at 718, 724 (Tex. Crim. App. 2007). Appellant is not asking this court to reevaluate the weight and credibility of the evidence. See Brooks, 323 S.W.3d at 899; Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 199). In this instance, there was no showing that alleged victim received an injury as

19

a result of the actions of the appellant. Appellant argues the trial court's resolution of guilt is not rational in light of the burden of proof. Brooks, 323 S.W.3d at 899-900. Appellant argues as such this Honorable court must "ensure that the evidence presented actually supports a conclusion that the defendant committed the crime (as alleged) Williams v. State, 235 S.W.3d 742, 750, supra.

As charged in the indictment, the State's evidence had to show Appellant, "did then and there intentionally, knowingly, or recklessly commit Burglary of Habitation to Commit Sexual Assault; Retaliation; and Burglary of Habitation and Violation of Protective Order.

Ms. Owens testimony does not correspond with the rest of the testimony. Appellant argues that the Jury's verdict of Guilty was improper and Judgment should be reversed and Appellant acquitted.

### Argument and Authorities

The evidence is legally insufficient to prove the offense of Burglary of Habitation to Commit Sexual Assault; Retaliation; and Burglary of Habitation and Violation of Protective Order.

Appellant argues that ht evidence is legally insufficient to support the finding of guilt for Burglary of Habitation to Commit Sexual Assault; Retaliation; and Burglary of Habitation and Violation of Protective Order.

The state's indictment is pursuant to Texas Penal Code 30.02, Texas Penal Code 36.06, and Texas Penal Code 25.07 upon questioning Ms. Owens she

testified that she was choked on January 14th (Reporter's record Page 23 Line 10) the fact findings did not have reasonable doubt and rendered a verdict of not guilty. Ten days later he came to the house (Reporter's record Page 32 Line) he kept hitting me, it went for hours (Reporter's Record Page 37) he told me to go to sleep when I woke he was going to kill me (Reporter's Record Page 37)

On cross examination she did not tell law enforcement she passed out (Reporter's record Page 54) Just had sex and went to sleep (Reporter's Record Page 79)

She then testified the next morning she took kids to the bus stop and he fixed me something to eat (Reporter's Record Page 38). Under cross examination she testified she took the kids to the bus stop but did not drive off when the kids were safe (Reporter's Record Page 83). Between 7:30 and 3:00 p.m. nothing happened (Reporter's Record Page 93).

Kayla Alexander testified that when she saw Ms. Owens she looked fine (Reporter's Record Page 97 Line 9). Also that the house was fine, clothed and everything looked normal (Reporter's Record Page 97 Line 10).

Appellant was residing there full time Reporter's Record Page 136 Line 11-12). She was angry with him that he was planning to move to Arkansas.

During the time that she was so scared of him they went to a park (Reporter's Record Page 162) went to a liquor store (Reporter's Record Page 165).

Under cross examination she also testified when she went back to the house to get clothed he was there and he took off running (Reporter's Record Page 44.

21

She also testified she had access to a cell phone but did not call and when children were in no danger she could have driven off. (Reporter's record Page 90).

Appellant argues that the trial court's resolution of guilt is not rational in light of the burden of proof. Brooks, 323 S.W.3d at 899-900. Appellant argues as such this Honorable court must "ensure the evidence presented actually supports a conclusion that the defendant committed the crime. (as alleged) Williams v. State, supra. Appellant argues for this Honorable Court to reverse the findings of guilt and acquit the Appellant.

## Conclusion and Prayer

Appellant Thomas Howell agrees that the decision of the Trial Court is not supported by legally sufficient evidence therefore, Appellant asked that this Judgment be reversed and the Appellant acquitted of all charges, Appellant request this Honorable Court to grant such other and further relief to which Appellant is justly entitled.

Respectfully submitted,

Tatum Law Office
P.O. Box 582
Lufkin, TX 75902
Phone: 936-634-5594
Fax: 936-639-4480
John H. Tatum II
Bar No. 00789674
Attorneys for Appellant

_____/S/ John Tatum II
John Tatum II

22

**Certificate of Compliance**

I, John Tatum II Counsel for appellant hereby certify that this brief exclusive of the rule provisions that do not provide counting contains 5,016 words.

_____/S/ John Tatum II_____
John Tatum II

**CERTIFICATE OF SERVICE**

This is to certify that on January 11, 2015, a true and correct copy of the above and foregoing document was served on Nicole LoStracco via fax at 936-560-6036.

/S/ John Tatum II_____

John Tatum II